# United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 10-B-74048 |
|---|---|---|---|
| **DATE** | September 10, 2010 | **ADVERSARY NO.** | |
| **CASE TITLE** | Mary A. Barkley, a.k.a. Mary A. Ferdon, Debtor | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, movant Steve Barkley's motion to object and motion in opposition to filing of bankruptcy, motion for appointment of counsel, motion to proceed in forma pauperis, and motion for writ of habeas corpus ad testificandum are each DENIED.

■[ For further details see text below.]

## MEMORANDUM OPINION

The Movant, Steve Barkley, is the Debtor's husband, and is currently incarcerated in the Shawnee Correctional Center in Vienna, IL. He filed what is entitled a "Motion to Object and Motion in Opposition to Filing of Bankruptcy," together with a Motion for Appointment of Counsel, a Motion to Proceed in Forma Pauperis, and a Motion for Writ of Habeas Corpus ad Testificandum. The Court does not exactly know what to make of an 'objection' or 'opposition' to filing of bankruptcy, which is not provided for by the Bankruptcy Code, except to treat it as a motion to dismiss the case under Section 1307, which appears to be the Movant's intent. The other motions appear to be ancillary to the motion to dismiss, requesting assistance to help the Movant proceed with his motion despite his incarceration and limited finances.

Under Section 1307 only the debtor, the United States trustee or a "party in interest" may file a motion to dismiss a Chapter 13 case. 11 U.S.C.A § 1307(c) (West 2010). However, the Movant has not identified how he could be a "party in interest" with standing to bring the motion. He is not an officer of the estate, and he was not listed as a creditor in the bankruptcy schedules. Nor has he filed a proof of claim or even alleged any current claim against the Debtor. Instead, he simply raises his fears that the Debtor might have wrongfully listed him as a creditor or might seek to treat him as a creditor in the future. Despite the Debtor's concern, as of this date the Debtor has not listed him as a creditor in any filing with the Court. The Movant's confusion seems to arise from several notices he received from the bankruptcy case.[1] However, he was added to the bankruptcy notice list and received the notices because he was listed in the bankruptcy schedules as a co-debtor on one or more obligations, not because he was listed as a creditor. As to his concern about future acts by the Debtor, he states that he is worried that the Debtor might choose to treat him as a creditor for repairs he performed on her house which she "may feel obligated to permit [him] to claim as a loan to her," and that he is also worried that she might file for divorce sometime in the future. From this, the Movant seems to admit that he did not intend the repairs to constitute a 'loan,' so it is not clear what harm he would suffer if his wife subsequently chose to call it a loan or schedule him as a creditor. At any rate, a speculative concern that the Debtor might in the future attempt to abuse the bankruptcy system to harm the Movant does not give him current standing to seek to dismiss her case.

Because the other motions are ancillary to the motion to dismiss, they will similarly be denied. But even if they were not ancillary, there are additional reasons to dismiss each. Under 28 U.S.C. § 1930(f)(3), the court has power to waive fees charged to creditors for filing motions or adversary proceedings, see also In re Richmond, No. 06-2174, 247 Fed. Appx. 831 (7th Cir. Sept. 20, 2007), but the Movant has not identified any fee he seeks to be waived. He has not filed an adversary proceeding, and the motion to dismiss did not require a filing fee and is being hereby dismissed. The request is therefore premature and potentially overbroad and will be denied. The request for a writ of habeas corpus ad testificandum is similarly premature, overbroad and outside of the scope of the habeas statute. The Movant is not requesting to appear in "court to testify or for trial" as the statute provides. 28 U.S.C.A. § 2241(c)(5) (West 2010). Instead, he is asking to attend a 341 meeting as a creditor to question the Debtor, to attend hearings and generally investigate the case. The habeas provision in 28 U.S.C. §2241(c)(5) is to provide for testimony, not merely to generally appear and participate in proceedings, and a "prisoner has no constitutional right to appear in civil proceedings." In re Best Value, Inc., 2009 WL 4840144, at *2 (citing Price v. Johnston, 334 U.S. 266, 285-86 (1948)).[2] If the Movant wants his interests represented in the bankruptcy proceedings (to the extent he has any interests), he can have counsel appear on his behalf. Prison itself would not prevent the movant from having legal counsel appear at the 341 meeting or at hearings. While he may be limited by his financial situation, he has no right to have counsel appointed or paid for by the state. "Appointment of counsel in a civil case is not a constitutional right ... and all

---

[1] The Movant admits that his "claim of fraud ... may possibly be due to [his] misunderstanding of the five documents received from the Court."

[2] Additionally, some courts have ruled that 28 U.S.C. §2241(c)(5) only authorizes a district court, not a bankruptcy court, to issue a writ of habeas corpus ad testificandum to secure the appearance of a state or federal prisoner in federal court. See, e.g., In re Best Value, Inc., No. 09-00591, 2009 WL 4840144 (Bankr. N.D. Iowa Dec. 15, 2009). Some courts have indicated that where a writ is appropriate a bankruptcy court can at least certify the matter to the district court, see, e.g., In re Larsen, 232 B.R. 398 (Bankr. W.D. Wisc. 1999), but here the requested relief does not fall within the bounds of the statute.

bankruptcy jurisdiction is civil." In re Larsen, 406 B.R. 821, 823 (Bankr. E.D. Wisc. 2009) (citing Pruitt v. Mote, 503 F.3d 647, 649, 656-58 (7th Cir. 2007). Even if the Court has discretionary power to appoint counsel,[3] there is a "presumption that the right to appointed counsel 'exist[s] only where the litigant may lose his physical liberty if he loses the litigation,' … or assistance of counsel is warranted by exceptional circumstances." Id. (citing Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981)). The Movant has alleged no exceptional circumstances here.

For the foregoing reasons, the Movant's motion to object and motion in opposition to filing of bankruptcy, motion for appointment of counsel, motion to proceed in forma pauperis, and motion for writ of habeas corpus ad testificandum are each DENIED.

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.


September 10, 2010

_____
Judge Manuel Barbosa

---

[3] 28 U.S.C. § 1915(e) gives at least district courts the power to appoint counsel, but there is some doubt in light of the Supreme Court's holding in Kras whether bankruptcy courts have such power. See, e.g., In re Fitzgerald, 167 B.R. 689, 691 (Bankr. N.D. Ga. 1994); In re Larsen, 406 B.R. 821, 823 (Bankr. E.D. Wisc. 2009) ("While a court may have the discretion to appoint counsel for indigent parties under 28 U.S.C. § 1915(e)(1), there is some question as to whether section 1915 applies to bankruptcy cases.").

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached <u>Memorandum Opinion</u> has been served via First Class Mail on September 13, 2010 to:

Steve Barkley, K70610
Shawnee Correctional Center
6665 State Rt. 146 East
Vienna, IL 62995-3122

Attorney Jeffry A. Dahlberg
5130 N. Second St.
Loves Park, IL 61111

Lydia Meyer, Trustee
P.O. Box 14127
Rockford, IL 61105-4127

Mimi Kuczynski, Judicial Secretary